UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW WILLIAMS and
DOMINIKA WILLIAMS,

    Plaintiffs,

v.                                      Case No: 6:24-cv-265-JSS-LHP

CLEAR BLUE SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

In this breach of contract case, Defendant, Clear Blue Specialty Insurance Company, moves for summary judgment. (Dkt. 29.) Plaintiffs, Matthew and Dominika Williams, oppose the motion. (Dkt. 30.) Defendant has not filed a reply, and the time to do so has expired. *See* M.D. Fla. R. 3.01(d). Upon consideration, for the reasons outlined below, the court denies the motion.

### BACKGROUND[1]

Plaintiffs had a property insurance policy with Defendant on April 29, 2023, when, according to Plaintiffs, a hailstorm damaged the property covered under the policy. (Dkt. 29 at 2; Dkt. 30 at 2.) As relevant here, section I of the policy states that

> [i]n case of a loss to covered property, [Defendant] ha[s] no duty to provide coverage under this policy if the failure to comply with the

---

[1] The court generally draws the facts from the statements of fact in Defendant's motion to which Plaintiffs admit—as well as from the record materials supporting these statements of fact, (*e.g.*, Dkts. 29-2, 29-4)—and otherwise indicates when Defendant asserts facts to which Plaintiffs object. (*See* Dkt. 29 at 1–5; Dkt. 30 at 2–5.)

> following duties is prejudicial to [Defendant]. These duties must be performed either by [Plaintiffs], an "insured" seeking coverage, or a representative of either: . . . [s]end to [Defendant], within [sixty] days after [its] request, [Plaintiffs'] signed, sworn proof of loss.

(Dkt. 29-2 at 25.) The policy also provides that "[n]o action can be brought against [Defendant] unless there has been full compliance with all of the terms under [s]ection I of this policy." (*Id.* at 27.)

Defendant asserts that pursuant to section I, it requested a sworn statement in proof of loss from Plaintiffs on May 9, 2023, (Dkt. 29 at 2), though Plaintiffs object that this assertion "is not supported by record evidence" because "the material cited to support [it] cannot be presented in a form that would be admissible in evidence," (Dkt. 30 at 2). Under the policy, a sworn statement in proof of loss is due within sixty days after Defendant's request for it. (Dkt. 29-2 at 25.) Accordingly, if Defendant requested a sworn statement in proof of loss on May 9, 2023, Plaintiffs had until early July 2023 to submit it. However, on May 23, 2023, Defendant denied Plaintiffs' claim. (Dkt. 29 at 3; Dkt. 30 at 2.)

The denial of claim letter informed Plaintiffs that the investigation into their claim had finished and that based on the investigation, the property damage was not covered under the policy:

> The inspection revealed no evidence of wind or hail damage to the roof or exterior elevations. No collateral damage was identified. No storm damage was observed to the screen enclosure. Prior repairs were observed to the fasteners above the exercise room where the reported ceiling stain is. [Plaintiffs] advised [the] [f]ield [a]djuster that the exercise room stain was first observed during Hurricane Nicole and Hurricane Ian [in 2022]; therefore, the stain occurred prior to this date of loss and is not covered under this claim. The inspection revealed wear, tear, and

> deterioration to the roof and fence, which is not covered under the policy. The inspection revealed wear, tear, deterioration, and/or mechanical damage (i.e. non-storm related object impact) to the rear and left elevation downspouts.

(Dkt. 29-4 at 1.) Defendant asserts that on August 14, 2023, it informed Plaintiffs' counsel of its May 9, 2023 request for a sworn statement in proof of loss. (Dkt. 29 at 3.) Plaintiffs object to this assertion for the same reasons as above. (Dkt. 30 at 2.)

On January 9, 2024, Plaintiffs initiated this action in Florida court. (Dkt. 29 at 1, 3; Dkt. 30 at 2.) They did not submit a sworn statement in proof of loss before they did so. (Dkt. 29 at 3; Dkt. 30 at 2.) Thereafter, Defendant removed the case to this court based on diversity jurisdiction. (Dkt. 29 at 2; Dkt. 30 at 2.)

## APPLICABLE STANDARDS

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable factfinder "could return a verdict for" the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the moving party meets this burden, the non-moving party must show that a genuine dispute of material fact precludes summary judgment. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The non-moving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving party." *Matsushita*, 475 U.S. at 587.

## ANALYSIS

Defendant maintains that summary judgment is appropriate because Plaintiffs undisputedly did not submit the requested sworn statement in proof of loss by the time set forth in the policy or before the filing of this lawsuit. (Dkt. 29 at 9–14.) Plaintiffs respond that Defendant waived the sworn statement requirement when Defendant issued a full denial of their claim well before their deadline for submitting the sworn statement had expired. (Dkt. 30 at 11–14.) The court agrees with Plaintiffs.[2]

Because the court sits in diversity jurisdiction, Florida substantive law applies. *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023). Under Florida

---

[2] Because this argument advanced by Plaintiffs furnishes a sufficient basis for denying Defendant's motion for summary judgment, the court does not reach Plaintiffs' other arguments, which include Plaintiffs' objections to Defendant's factual assertions. (*See* Dkt. 30 at 6–11, 14–20.)

law, "when an insurer denies liability during the period prescribed for the presentation of proof of loss on grounds not relating to the proof of loss, such denial will ordinarily be considered as a waiver of the provisions of the policy requiring the filing of a proof of loss." *Keel v. Indep. Life & Accident Ins. Co.*, 99 So. 2d 225, 227 (Fla. 1957). "The reason for the rule is simply that the law will not require the doing of a useless thing." *Id.* "When the insurer denies in advance that it has any liability under the policy coverage, the formal filing of a proof of loss becomes, in the eyes of the law, a useless and unnecessary thing that would accomplish nothing." *Id.*; *accord Goldberg v. Universal Prop. & Cas. Ins. Co.*, 302 So. 3d 919, 925 (Fla. Dist. Ct. App. 2020) ("An insurer's repudiation of coverage waives the insurer's right to insist upon the insured's compliance with policy conditions, such as filing a proof of loss.").

Here, in the light most favorable to Plaintiffs, Defendant denied coverage before the sworn statement was due for reasons unrelated to the sworn statement, and thus, Defendant waived the sworn statement requirement. *See Keel*, 99 So. 2d at 227; *Goldberg*, 302 So. 3d at 925. Defendant is therefore not entitled to summary judgment.

## CONCLUSION

Accordingly, Defendant's summary judgment motion (Dkt. 29) is **DENIED**.

**ORDERED** in Orlando, Florida, on March 28, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

- 6 -

Copies furnished to:

Counsel of Record